# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**THOMAS J. FISHER, II,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No. 2:16-cv-12257**

**LISA M. HALL, BRAD SOMMER, Esquire,
VISION MANAGEMENT PROPERTIES¹, and
BAT HOLDINGS TWO, LLC,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On December 16, 2016, the plaintiff, Thomas J. Fisher, II, filed a Complaint (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).² Also pending before the court is the plaintiff's Motion to Proceed to Halt and Postpone Any Orders & Injunction (ECF No. 7) (hereinafter "Motion for Injunctive Relief"). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

The plaintiff's Complaint alleges that "alleged acts of misconduct that occurred on or around August 1, 2014" have resulted in unspecified "civil rights" and "federal law

---

1 The undersigned believes that the proper name of this defendant is "Vision Property Management, LLC."
2 The plaintiff's Application to Proceed Without Prepayment of Fees and Costs has been granted by separate Order.

constitutional violations." (ECF No. 2 at 1). The Complaint appears to center around a lease to purchase agreement between the plaintiff and defendant BAT Holdings Two, LLC concerning a house at 1619 Livingston Avenue in Charleston, West Virginia. The plaintiff's Complaint alleges as follows [verbatim]:

> On or around June 1st 2015[3], that I entered into a contract to purchase a house and I did put a small down payment and first month's rent toward said property 1619 Livingston Ave. Charleston, WV 25387 Parcel ID No.: 12/301140000 and the house when I look at it was decent and so forth. BAT Holdings Two and Vision Property Management file a complaint against me on April 13, 2015 and I answered said complaint and with counterclaims and then I filed a third party complaint against Vision Management Properties, Civil Case No. 15-C-717 at Charleston, WV 25301, Circuit Court Annex of Kanawha Co. 101 Court Street, and to be heard by the Honorable Judge Joanna I. Tabit and the case was and the proper dision in my favor was malice and fraudulent papers came to me by mail and as I look at signatures and other signatures, I seen that the lawyer Brad N. Sommers did not match and I did a search and found out Brad Sommers did not have a lisence to practice law and so forth that as I did further investigation, that I seen other fraudulent things as to a fax by Lisa M. Hall 1007 Hunt Ave that it went to the bank but it was fax to another party a Michael Ragland and to make this complaint brief to be amended on a later date with other claims of civil rights violations, and constitutional violations, and fraud and other violations toward me and by other names and claims that all tie into this house 1619 Livingston Ave Chas WV 25387 and other documents and supports to show that all my claims are true.

(*Id.* at 2-3). The plaintiff's Complaint seeks injunctive relief (*id.* at 3), and he has also filed a separate Motion for Injunctive Relief (ECF No. 7) seeking a stay or postponement of a Final Order entered on November 3, 2016, by the Honorable Joanna I. Tabit, in the Circuit Court proceedings discussed herein.

Judge Tabit's Final Order, which is attached to the instant Complaint, indicates that, on or about August 1, 2014, the plaintiff, along with his mother as a co-signer, entered into a Residential Lease with Option to Purchase Agreement (hereinafter "the

---

3 The undersigned notes that the dates cited in the Complaint are internally inconsistent and do not match up with the dates contained in the paperwork attached to the Complaint, including the dates set forth in the Final Order entered by Judge Tabit.

2

Agreement") with BAT Holdings Two, LLC, with respect to the property at 1619 Livingston Avenue, Charleston, West Virginia 25312. (ECF No. 2, Ex. C at 2). Through the Agreement, the plaintiff agreed to pay a monthly rental amount of $320. (*Id.*)

On March 25, 2015, a Notice was sent to the plaintiff demanding immediate payment of $2,240, consisting of payments under the Agreement that were in arrears.[4] (*Id.*) Then, on April 13, 2015, BAT Holdings Two, LLC filed a Complaint in Ejectment against the plaintiff and his mother. (*Id.*)

According to the Final Order, on May 18, 2015, the plaintiff herein filed an Answer and Counterclaims against BAT Holdings Two, LLC and Vision Property Management, LLC, in which he acknowledged the existence of the Agreement and its terms and provisions, by stating "I went threw [sic] the application process on or around 3/19/14 and I was told I needed a co-signer my mother Nadine V. Fisher and she did so and I was approved with a down payment of $350.00 and $320.00 1st months [sic] rent . . . ." (*Id.* at 3). Judge Tabit's Final Order further found that the plaintiff herein had not raised any meritorious defense to the allegations in the Complaint for Ejectment, and that he and his mother remained non-compliant with the Agreement by failing to pay the financial obligations owed. (*Id.*)

Accordingly, by way of the Final Order entered on November 3, 2016, Judge Tabit granted BAT Holdings Two, LLC's Motion for Judgment on the Pleadings and ordered the plaintiff and his mother to pay damages in the amount of $2,415.00 and further awarded possession of the property at 1619 Livingston Avenue to BAT Holdings Two, LLC. Judge

---

4 Based upon the agreed monthly rental amount, this appears to be seven months of rent at $320 per month.

Tabit further dismissed, with prejudice, the plaintiff's counterclaims against BAT Holdings Two, LLC and Vision Property Management, LLC. (*Id.* at 6).

The plaintiff then filed the instant civil action in this court on December 16, 2016, and he filed his Motion for Injunctive Relief (ECF No. 7) on January 12, 2017. There is no indication that the plaintiff has attempted to appeal Judge Tabit's Final Order to the Supreme Court of Appeals of West Virginia (the "SCAWV"). As addressed herein, however, this Court lacks subject matter jurisdiction to review the plaintiff's claims and, furthermore, the Complaint fails to state any plausible claim for relief.

## **STANDARD OF REVIEW**

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain <u>1) a short and plain statement of the grounds upon which the court's jurisdiction depends</u>, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (Emphasis added). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal

4

for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

Additionally, pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiff is proceeding without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief may be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
> 
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

5

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

## ANALYSIS

"It is a fundamental precept that federal courts are courts of limited jurisdiction" and such limits "must neither be disregarded or evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). For the purpose of this civil action, subject matter jurisdiction could only be conferred under 28 U.S.C. §§ 1331 or 1332.

### A.    There is no subject matter jurisdiction under 28 U.S.C. § 1331.

Section 1331 of Title 28 provides that "[t]he district courts court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. However, in the instant matter, although the plaintiff has alleged that the defendants have violated his federal constitutional or civil rights, the Court lacks subject matter jurisdiction over those claims. The vehicle for such a claim is section 1983 of Title 42 of the United States Code, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must

6

show that the alleged deprivation was committed by a person *acting under color of state law.*" *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) (emphasis added).

The defendants named herein are private citizens or entities and were not acting under color of state law. Thus, they are not persons who can be sued under section 1983. *See, e.g., Turner v. Spaley*, 501 F. App'x 101, 103 (3d Cir. 2012) (per curiam) (holding no federal jurisdiction because the plaintiff failed to identify violations of constitutional rights and lodged complaint only against private party). Thus, the plaintiff has not stated a cognizable federal question, as required for this court to have subject matter jurisdiction under 28 U.S.C. § 1331.

Furthermore, in the absence of a cognizable claim under § 1983, or some other federal statute expressly authorizing a suit in equity, it appears that the plaintiff's requests for injunctive relief to stay the state court action are barred by the Anti-Injunction Act, which states, in pertinent part, that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress . . . ." 28 U.S.C. § 2283; *see also Mitchum v. Foster*, 497 U.S. 225 (1972).

**B.     There is no subject matter jurisdiction under 28 U.S.C. § 1332.**

Nor can the plaintiff establish subject matter jurisdiction based upon diversity of citizenship as set forth in 28 U.S.C. § 1332, which provides in pertinent part as follows:

(a)     The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states. * * *

(c)     For the purposes of this section . . . (1) a corporation shall be deemed to be a citizen of every State . . . by which has been incorporated and of the State . . . where it has its principal place of business . . . .

28 U.S.C. § 1332; *see also, Central W. Va. Energy Corp, Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011) ("For federal diversity jurisdiction, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business."). Additionally, for purposes of this statute, an individual is a citizen of the state in which he or she is domiciled – that is where he or she is physically present, coupled with an intent to make the state a home. *See Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008).

Although the plaintiff's Complaint alleges that the amount in controversy will be over $75,000 (ECF No. 2 at 1), he cannot demonstrate the complete diversity of citizenship of all of the parties. *See Owen, supra*, 437 U.S. at 372-74 (Complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side). The plaintiff, a citizen of West Virginia, has alleged that BAT Holdings Two, LLC, and Vision Property Management, LLC, are both limited liability corporations whose principal place of business appears to be in Columbia, South Carolina. He further lists Brad Sommers as an attorney in Pittsburgh, Pennsylvania, but does not allege any further information concerning his domicile. Nevertheless, the plaintiff also names Lisa M. Hall, who is a resident of Charleston, West Virginia, as a defendant. Therefore, it appears that the plaintiff and Ms. Hall are both citizens of West Virginia and, thus, there is not complete diversity of citizenship among the parties, which defeats this Court's jurisdiction on that basis.

  **C.** **The plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.**

Even if the plaintiff could establish a valid jurisdictional basis under § 1331 or § 1332, the Supreme Court made clear in *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462

(1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), that "federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'" *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002) (quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (*Rooker-Feldman* applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court"). More recently, the Supreme Court reiterated that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies to issues actually decided by a state court, as well as those issues that are "inextricably intertwined with questions ruled upon by a state court." *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Id.*

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint and his Motion for Injunctive Relief (ECF No. 7), which seeks "to stop any action to this state case . . . until it can be reviewed and authenticated," are essentially challenging the appropriateness of Judge Tabit's Final Order and that this court's review of that decision amounts to an appeal therefrom, which is barred by the *Rooker-Feldman* doctrine. Accordingly, it is respectfully **RECOMMENDED** that the

presiding District Judge dismiss the plaintiff's Complaint for lack of jurisdiction under the *Rooker-Feldman* doctrine.

### D. The Complaint fails to state a plausible claim for relief.

Even if the plaintiff could establish a valid basis for subject matter jurisdiction, the plaintiff's Complaint fails to identify any specific conduct by the defendants that could support a plausible claim for relief. He has not identified any specific federal constitutional or statutory right that has been violated by any specific conduct of the defendants who, again, are not state actors and, therefore, cannot be held liable for such violations. When it is clear from the face of the Complaint that deficiencies cannot be cured, the complaint may be dismissed without leave to amend. *See Turner, supra*, 501 F.3d at 102 n.1; *Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir.1999) (amendment of *pro se* complaint may be refused if it appears to a certainty that plaintiff cannot state a claim). Such is the case here.

Moreover, to the extent that the plaintiff alleges that the defendants have acted "fraudulently," he has not pled any allegations of fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. Rather, he simply alleges, in a conclusory manner, that he received "fraudulent papers" by mail and that he has seen "other fraudulent things," including a fax sent by defendant Lisa M. Hall to a bank, that was also allegedly sent to a third party (Michael Ragland). (ECF No. 2 at 2). The plaintiff has not explained how or why he has been wronged by these alleged actions.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, pursuant to the dictates of *Twombly* and *Iqbal, supra,* the plaintiff's Complaint fails to state any plausible claim upon which relief can be granted.

**RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion to Proceed to Halt and Postpone Any Orders & Injunction (ECF No. 7) and **DISMISS** this civil action for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure or, in the alternative, **DISMISS** the Complaint, without prejudice, for failure to state a claim upon which relief can be granted.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

August 25, 2017

Dwane L. Tinsley
United States Magistrate Judge